## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

GWENDOLYN LATSON,

     Plaintiffs,

vs.          CASE NO.:

DOLLAR TREE STORES, INC.,

     Defendant.

_____

## <u>NOTICE OF REMOVAL</u>

Defendant, DOLLAR TREE STORES, INC., (hereinafter "Dollar Tree") hereby gives notice of Removal of the above captioned action from the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, in which this action is now pending, to the United States District Court, Middle District of Florida, Ocala Division, and respectfully represent as follows:

1. On or about October 14, 2021, a Complaint was served on Defendant. The civil action entitled *GWENDOLYN LATSON v. DOLLAR TREE STORES, INC.*, was commenced in the Circuit Court, Fifth Judicial Circuit, in and for Marion County, Florida, and assigned Case number 42-2021-CA-001881-CAAXXX. This action was filed in the Marion County Circuit Court on October 14, 2021. (A copy of the Complaint, as well as all other materials contained within the underlying State Court file are attached hereto as Exhibit "A").

2.     This action is properly removable pursuant to 28 U.S.C. §1441 and this Notice of Removal is filed within the thirty (30) day statutory period for removal under 28 U.S.C. §1446(b).

3.     There is complete diversity of citizenship between the parties to this cause.  Plaintiff is a citizen of the State of Florida.  (See Complaint, paragraph 2).  Defendant Dollar Tree is a foreign company duly organized as a corporation under the law of the Commonwealth of Virginia and has its principal place of business in Virginia. See Exhibit "B." Under 28 U.S.C.A § 1332(c), a foreign corporation is deemed to be a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." See also, Riley v. Merrill Lynch, Pierce, Fenner and Smith, 292 F. 3d 1334, 1337-1338 (11th Cir. 2002). Accordingly, Defendant Dollar Tree is a citizen of Virginia.

4.     This is a purported negligence action brought by the Plaintiff against the Defendant.  As is expressly referenced in the Complaint, the Plaintiff is seeking damages in excess of $30,000.00.  (See Complaint, paragraph 1).  Further, Plaintiff alleges in the Complaint that she was injured as a result of Defendant's negligent maintenance of its premises, which caused her to trip and fall, and that she has suffered damages including, without limitation;

a.     Bodily injury

b.   Pain and suffering

c.   Disability

d.   Disfigurement

e.   Mental anguish

f.   Loss of capacity for the enjoyment of life

g.   Inconvenience

h.   Expense of hospitalization

i.   Medical and nursing case

j.   Treatment and aggravation of a previously existing condition.

(See Complaint, paragraph 11)

5.   In determining the amount in controversy, where "Plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Gillinov v. Hillstone Restaurant Group, Inc., 92 F. Supp. 3d 1251, 1253-54 (S.D. Fla. 2015). The evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, and a defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." Pretka v. Kolter City Plaza, II, Inc., 608 F. 3d 744, 755 (11th Cir. 2010). "The Court may consider a pre-suit demand letter in determining whether the amount in controversy requirement is satisfied." Gillinov

v. Hillstone Restaurant Group, Inc., 92 F. Supp. 3d at 1254-55; *but see* Clifford v. BJ's Wholesale Club, Inc., 2016 LEXIS 147614 (S.D. Fla. 2016). In addition, the claimed need for medical and nursing care and treatment can be taken into account when determining the amount in controversy. See, La Rocca v. Stahlheber, 676 F.Supp.2d 1347 ,1350 (S.D. Fla. 2009).

6.      Correspondence, medical records, and bills received to date indicate that Plaintiff sustained injuries to her left shoulder, left hip, left wrist, neck and back. Plaintiff alleges she will require medical and nursing treatment. She was treated by several doctors for her injuries and will continue to treat for these injuries in the future. Plaintiff's medical bills to date exceed the amount in controversy. As referenced in her pre-suit settlement demand, her medical bills total $128,674.71. See Exhibit "C." The settlement demand is detailed and specific and contains approximately 100 pages of medical records outlining the medical treatment she alleges as a result of the subject incident.  Since plaintiff's medical bills, pre-suit, are more than the amount required to be in controversy for diversity cases, and she alleges further damages into the future, the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C.1332(a) of $75,000.00, exclusive of interest and costs.

7.      Since the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter

jurisdiction based on diversity pursuant to 28 U.S.C §1332. As such, this removal action is proper.

8. Defendant has served the instant Notice of Removal on Plaintiff's counsel. Defendant will timely filed a Notice of Application for Removal with the Clerk of the Circuit Court of the Fifth Judicial Circuit.

9. Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check for the required filing fee.

**WHEREFORE**, the undersigned Defendant respectfully requests that this action now pending in the Fifth Judicial Circuit in and for Marion County, Florida, be removed from there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Dated: October 27, 2021.

/s/ Alison H. Sausaman
Alison H. Sausaman
Florida Bar No. 112552
Hunter W. Phillips
Florida Bar No. 1008218
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473
Email: asausaman@carrallison.com
Email: hphillips@carrallison.com
Secondary: nwelsh@carrallison.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 27, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to the following:

> Misty Morgan Vianna
> KEMP, RUGE & GREEN LAW
> GROUP
> 11567 Trinity Boulevard
> Trinity, FL 34655
> Primary Email:
> service@krglawgroup.com
> *Attorney for Plaintiff*

/s/ Alison H. Sausaman
Alison H. Sausaman
Florida Bar No. 112552
*Attorneys for Defendant*
